JORDAN et al. v. BODINE, County Clerk, et al.

No. 13358—Opinion Filed Feb. 27, 1923.

(Syllabus.)

1. Schools and School Districts—Injunction—Insufficiency of Petition—Legality of School Bond Issues.

A petition seeks to enjoin a bond issue which has been regularly submitted to the voters of a school district and received the required assent under section 26, art. 10, of the Constitution of Oklahoma, for the reason that after numerous taxpayers had listed their property the assessor raised the valuation of the property and by that means the total valuation of the property therein was sufficient to justify the bond issue. Held, that a petition which alleges that the valuation of the taxable property as shown by the assessment made by the tax assessor is irregular, but fails to allege that the val-

uation is excessive, fails to state a cause of action for injunction.

**2. Same.**

Record examined, and held, the petition failed to state a cause of action.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by S. S. Jordan and others against Tom Bodine, County Clerk, Forrest L. Hughes, County Attorney, the Board of Education of the Town of Britton, and George Short, Attorney General, for injunction. Judgment for defendants, and plaintiffs, bring error. Affirmed.

John A. Maupin, for plaintiffs in error.

I. H. Harris and Embry, Johnson & Kidd, for defendants in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by S. S. Jordan et al. against the board of education of the town of Britton et al., to enjoin the issuance, certifying, selling, or disposing of certain school bonds. The petition alleges that plaintiffs are taxpayers of the town of Britton, that the board of education of said town submitted a bond issue to the voters for the purpose of building a schoolhouse, and the proposition carried, and that said board of education now intends to issue, certify, sell, and dispose of said bonds. It is alleged that the deputy county assessor in January, 1921, in listing the property for taxation in said school district, received from various parties their assessment sheet, and the total taxable value of the property as shown by said return was $916,516, but the said deputy assessor raised the valuation placed upon various properties in said district without any notice to the owners of the property, and by this method the assessed valuation in the school district was raised to $956,613, and is so disclosed by the assessment roll.

It is contended by the plaintiffs in error that if the assessor had not raised the valuation of the property as listed by the various owners thereof, the bond issue of $20,000, including existing indebtedness, would be more than five per cent. of the assessed valuation of the property within the school district. It is further alleged it was necessary to make such raise regarding the valuation in order that the people might vote bonds in the sum of $20,000.

The defendants filed a motion to strike certain allegations of the petition, which was sustained, and then filed a demurrer, which was also sustained, and the plain-

tiffs' petition dismissed. From said judgment the plaintiffs have appealed.

The question for consideration is whether the plaintiffs' petition, before certain paragraphs were stricken therefrom, stated a cause of action which entitled plaintiffs to an injunction, and whether the trial court erred in sustaining the demurrer thereto. It is admitted the section of the Constitution controlling is section 26, art. 10, which provides:

"Nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness."

The petition admits the assessment roll disclosed the valuation of the property to be $955,613, and that the bond issue including existing indebtedness is within the limitations prescribed by section 26, art. 10, of the Constitution based upon that valuation. The petition does allege numerous irregularities of the assessor regarding the assessment of the property, but fails to allege that the assessed valuation of the property as shown by the assessment rolls is not the true valuation of the property. Each taxpayer might complain regarding the assessment of his property and have the valuation reduced, if it was assessed for more than its actual value, but there is no allegation that the owners of the property have complained, or that the assessment valuation of the property in the district, as shown by the tax rolls, does not represent the actual value of the property. Without such an allegation the petition fails to state a cause of action.

Before the plaintiffs would be entitled to relief in this case, it would be necessary to allege and prove that the total valuation as disclosed by the last assessment was not only fraudulent, but was excessive and more than the actual value of the property. If such an allegation were contained in the petition, it might then be contended the bond issue was in violation of section 26, art. 10, of the Constitution. If the valuation as disclosed by the assessment rolls is not in excess of the actual value of the property, the provisions of the Constitution have not been violated.

For the reasons stated, the judgment of the district court is affirmed.

JOHNSON, V. C. J., and KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.